IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| EVA S. LUCAS COOPER OAKS, | CASE NO. 2:14-cv-1834 |
| | JUDGE GRAHAM |
| Petitioner, | MAGISTRATE JUDGE KEMP |
| v. | |
| THE STATE OF OHIO, | |
| Respondent. | |

### REPORT AND RECOMMENDATION

Petitioner, a state prisoner, filed a petition for a writ of habeas corpus in the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. §2254.  The case was transferred to this Court because Petitioner is incarcerated pursuant to a judgment issued by the Franklin County, Ohio, court of common pleas.  The case is now before the Court pursuant to its own motion to consider sufficiency of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** without prejudice as unexhausted.

### I. BACKGROUND

A review of the state court docket, which is available online at http://fcdcfcjs.co.franklin.oh.us/CaseInformationOnline/, provides the procedural history relevant to the pending habeas petition.  On April 17, 2007, Petitioner was indicted on one count of medicaid fraud in violation of R.C. 2913.40 and one count of theft in violation of R.C. 2913.02, both third degree felonies.  Prior to trial and upon

request by the State of Ohio, the medicaid fraud charge was dismissed. A jury trial was held on the theft charge. On February 11, 2009, a jury found petitioner guilty of theft. On May 5, 2009, Petitioner was sentenced to a 5-year period of community control and ordered to complete 200 hours of community service. The court also ordered Petitioner to obtain verifiable employment, undergo a Netcare evaluation, participate in any recommended treatment, and pay restitution in the amount of $370,107.69. Petitioner was advised that a violation of community control would result in the imposition of a 3-year prison term.

     Petitioner appealed the conviction to the Tenth District Court of Appeals, arguing that she received ineffective assistance of counsel based on her attorney's inadequate presentation of her mistake-of-fact defense. On December 1, 2009, the Court of Appeals overruled petitioner's assignment of error and affirmed the judgment of the Court of Common Pleas. *State v. Cooper*, 2009 WL 4308622 (Franklin Co. App. Dec. 1, 2009). She did not take a further appeal to the Ohio Supreme Court. Thereafter, Petitioner filed a motion for reconsideration in the Court of Common Pleas seeking a new trial. On January 26, 2010, the Court of Common Pleas denied the motion as untimely under Crim. R. 33(B) because it was not made within 14 days after the verdict was rendered. The Court also found that the motion was barred by *res judicata* based upon the fact that the Court of Appeals had already confirmed the conviction. Petitioner filed a "second motion for reconsideration/post relief petition," which the Court of Common Pleas also denied in a decision and entry issued on April 2, 2010. In

the April 2, 2010 decision, the court found, *inter alia*, that the motion was improper under Ohio law and barred by *res judicata*, and that the arguments set forth in the motion should have been made on direct appeal rather than in a post-conviction petition. Neither of these orders was appealed.

On February 24, 2014, Petitioner's probation officer filed a request for revocation of probation, alleging that Petitioner had violated the terms of her probation by failing to provide verification of employment, to pay court costs, and to complete making restitution. The matter was set for a hearing on April 4, 2014. Petitioner did not appear (perhaps because the notice of the hearing was returned as "Not Deliverable as Addressed"). On April 7, 2014, the Court of Common Pleas issued an entry declaring Petitioner to be an absconder and suspending Petitioner's community control "pursuant to R.C. 2951.07 until such time as [petitioner] is taken into custody or presented to the Court for further disposition." Petitioner was arrested on June 11, 2014, and was subsequently released on bond. She had her community control revocation hearing on July 11, 2014 and stipulated to probable cause and to the alleged violations. In an entry filed on July 18, 2014, the court restored petitioner's community control, gave her a jail time credit of 19 days, and ordered her to serve a 90-day term of imprisonment in Franklin County Correctional Center ("FCCC") from October 1, 2014 at 9:00 a.m. to December 29, 2014 at 8:00 a.m. Petitioner filed a notice of appeal on July 15, 2014. She was subsequently denied a stay pending appeal, and according to the state court records, she was taken into custody on October 3, 2014, to begin serving her

sentence, which was reduced from 90 to 88 days. Petitioner filed a brief in the state court of appeals (Case No. 14 AP 551) on September 15, 2014, and the State responded on October 6, 2014, but no decision has been rendered in that case.

On October 2, 2014, Petitioner filed her petition for a writ of federal habeas corpus pursuant to 28 U.S.C. §2254. The petition alleges that

> Ohio, Lacked jurisdiction over the subject matter and person of plaintiff on May 22, 2014 thru the present date, in direct violation of plaintiffs, right to be free from an unreasonable search and seizure of her body or property, by government officials, and any search/arrest warrant should have had the proper information being served upon her as required by the fourth amendment to the United States Constitution, the Ohio Constitution, and was in direct violation of, and had circumvented the federal laws under the Interstate Compact for Adult Offenders Supervision (ICAOS rules) and the Interstate Detainer Rules as per R.C. 2963.03.
>
> Plaintiff was denied the right not to be tortured or receive excessively cruel punishments nor excessively requested bail amounts, as required by the Eighth Amendment to the United States Constitution, the Ohio Constitution, and was in direct violation of and had circumvented the federal laws under the Interstate Compact for Adult Offender Supervision (ICAOS rules) and Interstate Detainer Agreement ORC 2963.30 – Articles I, III(a), IV(e), V(b), V(f), VI(b), VII, when the court had evidence that plaintiff was indigent.
>
> Plaintiff, seeks relief based on ineffective assistance of counsel, and her abilities not to have had a chance to challenge the prosecution witness, call witnesses for her defense, as required by the sixth amendment to the United States Constitution, the Ohio Constitution, and was in direct violation of and had circumvented the federal laws under the Interstate Compact for Adult Offender Supervision (ICAOS Rule) and violated the Code of Professional Conduct, Responsibility and the Ohio Model Rules of Professional Conduct.

(Doc. 1 at 1-3).  Petitioner adds that, if incarcerated, she "will not be able to defend herself in either the Appeals Court of Ohio, nor this Honorable Federal Court, because she is defending herself *pro se*."  *Id.* at 3.  Finally, petitioner states that she "is in fear for her life and well being, if she would be subjected to the 90 day sentence in FCCC II, Jackson Pike, Ohio, because of the way she was treated before and because of the complaint she filed against said facility, along with the harassing phone calls made by said facility once they received the complaint."  *Id.*  She attached, among other things, a copy of her state court appellate brief as an exhibit to her petition.  *See* Doc. 1.

## II. DISCUSSION

Before a federal habeas court may grant relief, a state prisoner must exhaust the available remedies in the state courts.  *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993).  If a habeas petitioner has the right under state law to raise a claim by any available procedure, the prisoner has not exhausted that claim.  28 U.S.C. §2254(b), (c).  Moreover, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).  But where alternative state remedies are available to consider the same claim, exhaustion of one of these remedies is all that is necessary.  A habeas petitioner bears the burden of demonstrating that the available state court remedies with respect to the claim sought to be presented for federal habeas review

5

have been properly and fully exhausted. *Prather v. Rees*, 822 F.2d 1418, 1420 n.3 (6th Cir. 1987).

The Court construes Petitioner's federal filing as raising claims related only to her most recent revocation hearing and incarceration. She has raised issues relating to the alleged expiration of her supervision on May 22, 2014, the state court's alleged lack of jurisdiction over her after that date, and irregularities in the state court revocation proceedings. As noted above, petitioner filed a notice of appeal on July 15, 2014 from the July 11, 2014 decision of the Court of Common Pleas to the Tenth District Court of Appeals. That appeal remains pending and raises the same issues. Because petitioner is unable to satisfy her burden of demonstrating that she has properly and fully exhausted the available state court remedies with respect to the claims sought to be presented for federal habeas review, her claim is subject to dismissal for want of exhaustion.

The Court recognizes that, as a practical matter, the dismissal of this case as unexhausted will likely result in Petitioner's inability to obtain federal court review of the state court revocation order. However, as other courts have recognized, "even if [Petitioner's] custodial release were imminent, it would [not] excuse his burden of exhausting the state court remedies." *Singleton v. Wynder*, 485 F.Supp.2d 602, 607 (E.D. Pa. 2007). The Court can excuse exhaustion if state court remedies are ineffective or if there has been "[i]nordinate delay in adjudicating state court claims." *Workman v. Tate*, 957 F.2d 1339, 1344 (6th Cir. 1992). Neither has been demonstrated here. The appellee's

6

brief was filed in the state court less than two weeks ago, so there is no evidence of any significant delay in that proceeding. Consequently, this Court will recommend that this action be dismissed without prejudice as unexhausted. The Court notes that to the extent that Petitioner attempts to raise claims other than ones which relate to the constitutionality of her conviction and sentence, such as claims relating to the conditions of her confinement at the FCCC, those claims cannot be asserted in a habeas corpus action. *See Hodges v. Bell*, 170 Fed. Appx. 389, 393 (6th Cir. March 2, 2006)("allegations [concerning conditions of confinement] are a proper subject for a §1983 action, but fall outside of the cognizable core of habeas corpus relief"); *Brown v. Voorhies*, 2009 WL 187830, *22 (S.D. Ohio Jan. 26, 2009)("habeas corpus is not available to prisoners who are complaining only of mistreatment during their legal incarceration").

### III. CONCLUSION

Based upon the foregoing, the Court **RECOMMENDS** that this action be **DISMISSED** without prejudice as unexhausted.

### IV. PROCEDURE ON OBJECTIONS

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed

findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matt er to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                                /s/ Terence P. Kemp
                                                United States Magistrate Judge