IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Eva S. Lucas Cooper Oaks,

     Petitioner,

     v.                           Case No. 2:14-cv-1834

The State of Ohio,

     Respondent.

<u>ORDER</u>

This action commenced with petitioner's filing of a petition for a writ of habeas pursuant to 28 U.S.C. §2254. Petitioner was convicted of theft in 2009 in the Common Pleas Court of Franklin County, Ohio, and was sentenced to a five-year period of community control. Her conviction was affirmed by the Ohio Tenth District Court of Appeals. Petitioner did not pursue an appeal to the Ohio Supreme Court. Her two post-conviction petitions were dismissed on the grounds of untimeliness and <u>res</u> <u>judicata</u>, and those rulings were not appealed.

On February 24, 2014, petitioner's probation officer filed a request for revocation of probation, alleging that petitioner had violated the terms of her probation by failing to provide verification of employment, to pay court costs and to complete restitution payments. Following a revocation hearing on July 11, 2014, the Ohio court, by entry dated July 18, 2014, reinstated petitioner's community control, with the additional condition that petitioner serve a ninety-day term of incarceration, with nineteen days jail time credit, in the Franklin County Correctional Center from October 1, 2014, to December 29, 2014. Petitioner filed a notice of appeal on July 15, 2014. She was taken into custody on

October 3, 2014, to begin serving the term of imprisonment.  She filed a brief in the state court of appeals on September 15, 2014, and the state filed an opposing brief on October 6, 2014.  No decision has been rendered in that case.

On October 2, 2014, petitioner filed a petition for writ of habeas corpus in the United States District Court for the Western District of Pennsylvania.  The case was transferred to the Southern District of Ohio, where petitioner is incarcerated.  Petitioner alleged that she was improperly arrested and detained on the probation infractions in violation of the Fourth Amendment, interstate laws relating to the supervision of adult offenders, the law of interstate detainers, and the Eighth Amendment prohibition against excessive bail.  She also sought relief based on ineffective assistance of counsel.  Petitioner further stated that she was in fear for her life and well-being while incarcerated in the Franklin County Corrections Center because of harassment she allegedly endured while she was incarcerated there in the past.

On October 20, 2014, the magistrate judge filed a report and recommendation (Doc. 7) recommending dismissal of the petition due to petitioner's failure to exhaust her state court remedies.  Doc. 7, p. 7.  The magistrate judge noted that petitioner's appeal from the judgment of the Franklin County Common Pleas Court is still pending.  Doc. 7, p. 6.  The magistrate judge also observed that although failure to exhaust may be excused if state court remedies are ineffective or if there has been an inordinate delay in adjudicating state court claims, neither has been shown to exist here.  Doc. 7, pp. 6-7.  The magistrate judge recommended dismissing this action without prejudice as unexhausted.  Doc. 7,

p. 7.

This matter is before the court for consideration of petitioner's objection (Doc. 6) to the magistrate judge's report and recommendation. If a party objects within the allotted time to a report and recommendation, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The report and recommendation advised the parties that objections were due within ten days, and that the failure to object would result in a waiver of the right to have the district judge review the report and recommendation de novo. See Doc. 7, pp. 7-8. Petitioner's objection, which is in the form of a letter requesting reconsideration, is dated November 13, 2014, and is untimely. However, the docket reflects that correspondence mailed to petitioner was returned undelivered, and notice to petitioner of the report and recommendation may have been delayed. Therefore, the court will consider petitioner's objection.

Petitioner's request for reconsideration refers to "federal violations against the State of Ohio and the Franklin County Correctional Center [T]wo under 42 USC §1983, 4th Amendment, 6th Amendment, 8th Amendment, and other constitutional rights of prisoners [sic]." Petitioner offers no argument as to why her habeas petition should not be dismissed for failure to exhaust administrative remedies. As noted by the magistrate judge, to the extent that petitioner attempts to raise claims other than ones

3

which relate to the constitutionality of her conviction and sentence, such as claims relating to the conditions of her confinement at the Franklin County Correction Center, those claims cannot be asserted in a habeas corpus action.

Having reviewed the report and recommendation and plaintiff's objection in accordance with 28 U.S.C. § 636(b)(1) and Rule 72(b), the court finds that petitioner's objection is without merit.  For the foregoing reasons, the court overrules petitioner's objection and request for reconsideration (Doc. 9), and adopts and affirms the magistrate judge's May 9, 2014, report and recommendation (Doc. 7).  Petitioner's request for appointment of counsel is denied. This action is hereby dismissed without prejudice as unexhausted.


Date: November 18, 2014          _____s/James L. Graham_____
                                 James L. Graham
                                 United States District Judge

4